```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**ROBERT SANDIFER, JR., and MILDRED SANDIFER,**
**Individually and on behalf of the Wrongful**
**Death Beneficiaries of TAWANDA SANDIFER**          **PLAINTIFFS**

**VS.                          CIVIL ACTION NO. 3:06cv565-WHB-LRA**

**CITY OF JACKSON, MISSISSIPPI,**
**KENNETH TALTON, Individually and in his**
**Official Capacity as a Duly Commissioned**
**Police Officer of the City of Jackson,**
**MAURICE CLARK, Individually and in his**
**Official Capacity as a Duly Commissioned**
**Police Officer of the City of Jackson, and**
**OTHER UNKNOWN DEFENDANTS A,B,C and D**          **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiffs to Remand. The Court has considered the Motion, Response, Rebuttal, other pertinent pleadings, as well as supporting and opposing authorities, and finds that the Motion is not well taken and should be denied.

### I.   Background Facts and Procedural History

The subject of this lawsuit is the alleged wrongful death of Tawanda Sandifer. On September 6, 2006, Robert Sandifer, Jr., and Mildred Sandifer ("Plaintiffs") filed a lawsuit individually and on behalf of the wrongful death beneficiaries of Tawanda Sandifer in the Circuit Court for the First Judicial District of Hinds County,

Mississippi, alleging that Tawanda's death was proximately caused by the actions and/or omissions of the defendants. On October 10, 2006, Defendants timely removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441 and 1443, on the bases of federal question and civil rights jurisdiction. Defendants support their removal as follows:

> Plaintiffs allege that the Defendants' actions amount to violations of the laws of the State of Mississippi and the Constitution of the United States including denial of equal protection and due process. Moreover, the Plaintiffs allege that the Defendants acted under the "color of law" and phrase the alleged violations using a standard often quoted in § 1983 cases "intentional, deliberate, or conscious indifference to the life, safety and rights of the Plaintiff."

Notice of Removal, ¶ 2. Plaintiffs now move for remand arguing that this Court may not properly exercise subject matter jurisdiction over this case because they have not alleged any claim arising under federal law.

## II.  Legal Analysis

**A.  Civil Rights Jurisdiction, 28 U.S.C. § 1443**

Defendants removed this case pursuant to 28 U.S.C. § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing

>for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The United States Supreme Court has held that this statute "confers a privilege of removal only upon federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law providing for equal rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966).  The United States Court of Appeals for the Fifth Circuit has observed that this statute "allows state officials to remove civil rights actions against them to federal court when they demonstrate ... a colorable conflict between state and federal law leading to [their] refusal to follow plaintiff's interpretation of state law because of a good faith belief that to do so would violate federal law."  Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd., 417 F.3d 444, 446 (5th Cir. 2005) (quoting Alonzo v. City of Corpus Christi, Tex., 68 F.3d 944, 946 (5th Cir. 1995)).

As Defendants are not federal actors, and do not allege that a colorable conflict between state and federal laws is presented in this case, the Court finds that this basis for removal is without merit.

**B.   Federal Question Jurisdiction, 28 U.S.C. § 1441**

Defendants also removed this case pursuant to 28 U.S.C. § 1441, which provides, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiffs rightly contend that under the well-pleaded complaint rule, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003) (citations omitted).  In support of their argument that they have not alleged a claim arising under federal law, Plaintiffs cite to the jurisdictional statement in their Complaint, which provides, *inter alia*:  "Plaintiffs assert only state law claims and hereby

4

expressly disavow and repudiate all federal causes of action. Consequently, there is no basis for any assertion of federal jurisdiction on the basis of 'federal question.'" Compl. at ¶ 2. Plaintiffs, however, in the "Causes of Action" section of their Complaint allege:

> As a proximate result of the individual and/or combined actions and inactions of all of the defendants, [Tawanda Sandifer] was continuously subjected to the physical, emotional, and sexual abuse by defendants Talton and Clark and other third parties and thereby denied the due process of law, access to the Courts and equal protection under the laws <u>in violation of the Constitution and laws of the United States</u> and the State of Mississippi.

Compl. at ¶ 28(E) (emphasis added). Thus, while it is clear from the face of Plaintiffs' Complaint that they disavow and repudiate "all federal causes of action", it is equally clear from the face of the same pleading that they seek redress for alleged violations of Tawanda's rights as guaranteed under federal law.

The Court, therefore, is presented a daunting jurisdictional dilemma. Based on (1) the jurisdictional statement in the Complaint; (2) Plaintiffs' vehement arguments that they have not alleged a federal claim in this lawsuit; (3) Plaintiffs' stipulation in their Rebuttal "that they are not seeking any federal causes of action", and (4) the fact that in all but one of the substantive allegations in the Complaint, Plaintiffs cite only to alleged violations of Mississippi constitutional and statutory law, the Court finds that the reference to the Constitution and laws of the United States in Paragraph 28(E) of their Complaint likely resulted because of a scrivener's error. The Court,

5

however, cannot simply remand, and thereby relinquish jurisdiction over, a case that alleges a claim, albeit seemingly mistakenly, arising under federal law.  See 28 U.S.C. § 1331 (providing: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."); Miller v. Stanmore, 636 F.2d 986, 989-90 (5th Cir. 1981) (finding that a question sufficient to warrant the exercise of federal jurisdiction was presented in a case in which the complaint sought damages for an alleged violation of rights protected under the United States Constitution) (citing Davis v. Passman, 442 U.S. 228 (1979) (finding that a claim which rests on the due process clause of the fifth amendment states a cause of action and invokes federal question jurisdiction)).

As Plaintiffs' Complaint alleges a claim arising under federal law, the Court finds that their Motion to Remand must presently be denied.  Based on the unique circumstances of this case, the Court will grant Plaintiffs leave of Court to file an amended complaint through which they may voluntarily dismiss their claims arising under federal law, specifically the alleged violations of the Constitution and laws of the United States, if they so choose.[1]

---

[1] In the event the federal claims are dismissed in the amended complaint, Plaintiffs' use of the term "under color of state law" would not be sufficient, in itself, to confer federal jurisdiction.  See Dibrell v. Huber, 2007 WL 559358, at *1 (5th Cir. Feb. 15, 2007) (finding that a Section 1983 claim is not proper if it is based on rights afforded by state law, and not federal law).

The Court finds that Defendants will not be prejudiced in the event Plaintiffs are permitted to dismiss their federal law claims in this manner. See Resp. to Mot. to Remand, ¶ III (indicating: "If the Plaintiffs stipulate that they are not pursuing any federal claims, then the City of Jackson [Defendants] will readily consent to remand."). In the event such amended complaint is filed, the Court will then, *sua sponte*, consider whether remand is appropriate pursuant to 28 U.S.C. §§ 1367, 1441(c), and 1447(c). See e.g. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) (finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."); Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992) (finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."); Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 n.2 (5th Cir. 1985) (explaining that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims.").

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Docket No. 9] is hereby denied with each party to bear its own costs.

IT IS FURTHER ORDERED that Plaintiffs are hereby granted ten days, up to and including March 30, 2007, to file an amended complaint.  If an amended complaint is filed, the Court will *sua sponte* consider whether remand is appropriate pursuant to 28 U.S.C. §§ 1367, 1441(c), and 1447(c).

SO ORDERED this the 16th day of March, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE